

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 0 2003

Michael N. Milby
Clerk of Court

FRANCISCO GUERRA-MOYA,  )
                        )
v.                      )
                        )    CIVIL ACTION NO. B-03-149
A.G. WINFREY, et al.    )
_____ )

### RESPONDENTS' MOTION TO DISMISS
### THE PETITION FOR WRIT OF HABEAS CORPUS
### WITH INCORPORATED POINTS AND AUTHORITIES

COME NOW the Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and file this Motion to Dismiss the Petition for Writ of Habeas Corpus with Incorporated Points and Authorities in this case. The petition for writ of habeas corpus should be dismissed because it fails to state a claim upon which relief can be granted.

### STATEMENT OF THE FACTS

The Petitioner, Francisco Guerra-Moya ("Guerra-Moya") was a lawful permanent resident of the United States, having obtained that status on April 26, 1976. On August 23, 1982, Guerra-Moya was convicted in the 105th Judicial District of Texas, Nueces County, of burglary. Guerra-Moya entered a plea of guilty, was

1

found guilty, and sentenced to two years in prison.  The imposition of the sentence was suspended and he was placed on two years probation.  After successful completion of his probation, Guerra-Moya was released from probation and the judgment of conviction was set aside.  Government Exh. A.

On March 28, 1997, Guerra-Moya was convicted in the County Criminal Court #7, Dallas County, Texas, of the offense of unlawfully carrying a handgun, a Class A misdemeanor.  After entering a plea of not guilty and waiving his right to a jury trial, a judge found Guerra-Moya guilty and sentenced him to 90 days in jail.  The imposition of the sentence was suspended and he was placed on 12 months community supervision, which expired on March 27, 1998.  Government Exh. B.

On February 3, 2000, the Immigration and Naturalization Service, now part of the U.S. Department of Homeland Security, issued a Notice to Appear to Guerra-Moya charging that he was removable from the United States for having been convicted under a law relating to possession of a firearm pursuant to §237(a)(2)(C) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §1227(a)(2)(C).  Guerra-Moya admitted the allegations of fact numbered 1 through 3 as set out in the Notice to Appear.  He

denied factual allegation 4, which related to the conviction, and the charge of removability.  Government Exh. C.

At a hearing on April 11, 2000, the immigration judge found Guerra-Moya was subject to removal based on the charge contained in the Notice to Appear.  Guerra-Moya then requested relief from removal in the form of cancellation of removal pursuant to §240A(a) of the Act, 8 U.S.C. §1229b(a).  Government Exh. D. After filing his application for relief, the matter was set for a hearing on the merits of that application.

On October 30, 2000, the 1982 burglary conviction was discussed.  The immigration judge felt the conviction may prevent Guerra-Moya from obtaining the requested relief.  Government Exh. E.  The parties were given time to brief the issue and the matter was rescheduled until December 4, 2000.

At the hearing on December 4, 2000, the immigration judge found the setting aside of the judgment of conviction for the 1982 burglary was for rehabilitative purposes and that the conviction remained a conviction for immigration purposes.  He further found the burglary conviction was an aggravated felony and the date of the commission of the burglary offense, April 30, 1982, stopped time for accrual of time for continuous presence defined in §240A(d)(1) of the Act, 8 U.S.C. §1229b(d)(1).  Thus, Guerra-Moya

could not demonstrate the requisite time as a lawful permanent resident, making him ineligible for relief.  The immigration judge ordered Guerra-Moya removed from the United States.  Government Exh. F.

Guerra-Moya reserved his right to appeal and timely filed a Notice of Appeal with the Board of Immigration Appeals ("Board"). The Notice of Appeal alleged that the immigration judge erred in finding the 1982 burglary conviction was an aggravated felony and incorrectly applied the stop-time rule pursuant to §240A(d)(1) of the Act, 8 U.S.C. §1229b(d)(1).  Government Exh. G.

In a decision dated April 10, 2003, the Board affirmed the decision of the immigration judge that Guerra-Moya was ineligible for relief.  Government Exh. H.  Guerra-Moya moved the Board to reconsider its decision, and on June 26, 2003, the Board denied the motion.  Government Exh. I.

Guerra-Moya filed a petition for review with the Fifth Circuit Court of Appeals ("Fifth Circuit").  On July 29, 2003, the Fifth Circuit dismissed Guerra-Moya's petition for review for lack of jurisdiction.  Government Exh. J.  Guerra-Moya then filed the instant petition for writ of habeas corpus.

## ARGUMENT

**I. GUERRA-MOYA HAS BEEN CONVICTED OF A CRIMINAL OFFENSE THAT CAN BE CONSIDERED IN HIS REMOVAL PROCEEDINGS BECAUSE, ALTHOUGH THE JUDGMENT OF CONVICTION WAS SET ASIDE AFTER SUCCESSFUL COMPLETION OF PROBATION, HE PLEAD GUILTY AND WAS SENTENCED TO TWO YEARS IN PRISON, WHICH WAS SUSPENDED TO TWO YEARS PROBATION.**

Guerra-Moya argues that his 1982 burglary conviction should not be considered a conviction because he was not "sentenced" pursuant to Texas law and that the judgment of conviction was set aside. Guerra-Moya's petition is dependant on the construction of §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48).[1]

Guerra-Moya pled guilty in state court to burglary, was found guilty and was sentenced to two years in prison. However, the imposition of the sentence was suspended and he received two years probation. See Government Exh. A. Pursuant to §101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), this properly constitutes a conviction because Guerra-Moya entered a plea of guilty and the state judge imposed a restraint on his liberty. Section 101(a)(48) of the Act, 8 U.S.C. §1101(a)(48), eliminates

---

[1]By now, after reviewing the many motions to dismiss filed by the Government in other similar cases (i.e., Salazar-Regino, B-02-045), the Court should have a good understanding of the history and policy concerns that determined whether an alien would be considered to be convicted for immigration purposes prior to 1996. Therefore, the Government will not reiterate the background here.

the prior administrative and judicial exceptions for state
deferred adjudications, prejudgment probations, vacated or
expunged offenses, or first-time state drug offenses.  The plain
reading of the statute supports this conclusion.

The starting point for statutory construction is the
language of the statute.  See INS v. Phinpathya, 464 U.S. 183,
188 (1984); see also INS v. Cardoza-Fonseca, 480 U.S. 421. 431
(1987).  The plain meaning of the words used is the paramount
indicia of congressional intent.  Cardoza-Fonseca, 480 U.S. at
431.  It is assumed that the legislative purpose is expressed by
the plain meaning of the words used.  Phinpathya, 464 U.S. at
189.

The plain language of §101(a)(48) of the Act, 8 U.S.C.
§1101(a)(48), states that "the term 'conviction' means ... a
formal judgment of guilt of the alien entered by a court ... ."
§101(a)(48)(A) of the Act, 8 U.S.C. §1101(a)(48)(A).  There is
no question that Guerra-Moya's disposition comes squarely within
this definition, because he plead guilty to the offense, the
judge found him guilty of the offense, and the judge imposed a
term of two years in prison before suspending the sentence and
ordering he be placed on two years probation.

When a definition declares what a term "means" -- as opposed to what it "includes" -- it excludes any meaning that is not stated.  Colautti v. Franklin, 439 U.S. 379 (1978).  In addition, as the Supreme Court has made very clear, exceptions to a statutory definition of "conviction" must be expressly stated and may not be implied.  See Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 111 (1983), superseded by statute as stated in United States v. Sherbondy, 865 F.2d 996 (9th Cir. 1988); Andrus v. Glover Construction Co., 446 U.S. 608 (1980). There are no exceptions for the kinds of state dispositions that the Board previously determined would not be considered a "conviction" for reasons of policy, such as vacated or expunged state convictions, or first-time drug offenses of simple possession under federal or state law.

Since this is the case, Guerra-Moya has been "convicted" for federal immigration purposes under the plain meaning of the statute.  He entered a plea of guilty to the offense of burglary, was found guilty, he was sentenced to two years in prison, suspended to two years probation.  It is clear that Congress intended him to be considered convicted for immigration purposes.  Congress has spoken to the precise question at issue. Its intent is clear.

The Committee Report shows that Congress clearly intended the dispositive factor for determining whether an alien has been convicted for immigration purposes to be whether he is **guilty of criminal conduct** -- not the type of disposition he received or whether he is eligible for rehabilitative treatment of some type. Thus, in the Committee Report Congress states:

> As a result [of ameliorating provisions], aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered "convicted" have escaped the immigration consequences normally attendant upon a conviction.

H.R. Conf. Rep. No. 828, 104th Cong., 2nd Sess. 224 (1996). The Committee Report also states that Congress wanted to stop treatment "that **prevents the original finding or confession of guilt to be considered a 'conviction' for deportation purposes**" and that Congress was seeking to **"clarif[y] [its] intent that . . . the original finding or confession of guilt is sufficient to establish a 'conviction' for purposes of the immigration laws."** Id. (emphasis added). Accordingly, the Committee Report -- like the plain language of the statute -- makes clear that Congress intended Guerra-Moya to be "convicted" for immigration purposes.

Further, the fact that the criminal judgment of conviction was set aside by the criminal judge does not affect the

8

conviction for consideration for immigration purposes. The judgment was set aside as part of a Texas rehabilitative statute and not a vacatur based on an infirmity in the underlying criminal proceedings. See Government Exh. A; see also, Matter of Roldan, 22 I&N Dec. 512 (BIA 1999)(finding that "an alien is considered convicted for immigration purposes upon the initial satisfaction of the requirements of section 101(a)(48)(A) of the Act, and that he remains convicted notwithstanding a subsequent state action purporting to erase all evidence of the original determination of guilt through a rehabilitative statute."); Moosa v. INS, 171 F.3d 994 (5th Cir. 1999) (holding that an alien who completed a term of supervision pursuant to a Texas deferred adjudication statute remained "convicted" for immigration purposes under §101(a)(48)(A), 8 U.S.C. §1101(a)(48)(A)).

On June 11, 2003, the Board issued a decision that, if a criminal court vacates an alien's conviction for purposes other than on the basis of a procedural or substantive defect in the underlying criminal proceedings, the conviction remains a "conviction" for immigration purposes. Matter of Pickering, 23 I&N Dec. 621 (BIA 2003). The Board framed the issue of the case as "whether the Canadian court's order quashing the respondent's conviction vitiates the conviction for immigration purposes."

Based on the facts of the case, the Board found that it did not.

The Board held:

> Thus, if a court with jurisdiction vacates a conviction based on a defect in the underlying criminal proceedings, the respondent no longer has a "conviction" within the meaning of section 101(a)(48)(A). If, however, the court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, the respondent remains "convicted" for immigration purposes. **The fact that the case at bar involves a foreign conviction does not alter our analysis with respect to the purpose of the subsequent vacation of that conviction.**

Id. at 624 (emphasis added). Thus, the Board will look at the purpose for vacating the criminal conviction when determining whether the conviction remains valid for immigration purposes.

The order setting aside Guerra-Moya's criminal judgment states that the motion was to discharge Guerra-Moya from further probation. It makes no reference to a procedural or substantive infirmity in the underlying criminal proceeding. The August 23, 1984, order setting aside the criminal judgment is nothing more than a state court's adherence to Texas rehabilitative statute and does not circumvent the authority of the federal government to enforce immigration laws. The Board has determined that it will not allow such actions to succeed.

10

Therefore, since there is no evidence that the order modifying the judgment was based on a defect in the underlying criminal proceedings, the burglary conviction may be considered in determining Guerra-Moya's eligibility for relief.  He is removable as charged, ineligible for relief, and the removal order is valid.

### II. GUERRA-MOYA HAS BEEN CONVICTED OF AN AGGRAVATED FELONY AND IS INELIGIBLE FOR RELIEF.

Guerra-Moya argues that the 1982 burglary conviction should not be considered a conviction of an aggravated felony. Specifically, Guerra-Moya argues the immigration judge inappropriately retroactively characterized the 1982 burglary conviction as an aggravated felony.  Guerra-Moya is mistaken.

Although Guerra-Moya's burglary conviction pre-dates the enactment of the Anti-Drug Abuse Act of 1988, Pub. L. No. 110-690, 102 Stat. 4181 (1988) ("ADAA"), the ADAA's restrictions on the application of aggravated felony to those convictions entered on or after November 18, 1988, did not survived the provisions of §602(c) and §602(d) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978 (1990) ("IMMACT"). The Fifth Circuit has not addressed this question, but several other Circuit Courts have and decided ADAA's temporal

restrictions did not survive the new provisions of IMMACT.  The
Eleventh Circuit, in reviewing the Board's decision in Matter of
Lettman, 22 I&N Dec. 365 (BIA 1998), and its own decision in
Lettman v. Reno, 165 F.3d 463 (11th Cir. 1999), affirmed the
Board's interpretation that IMMACT eliminated any date
restriction on the applicability of deportation charges based on
the aggravated felony definition.  Lettman v. Reno, 207 F.3d
1368, 1370 (11th Cir. 2000).  The Eleventh Circuit thoroughly
reviewed the statutory language of IMMACT §602(c) and upheld the
Board's interpretation as reasonable.  Id. at 1370-72.

The Fourth Circuit has also determined that the Board's
interpretation of IMMACT §602 was reasonable.  Lewis v. INS, 194
F.3d 539, 545 (4th Cir. 1999).  In addition, the Second Circuit
found that the aggravated felony ground reaches back to pre-ADAA
convictions by operation of IMMACT §602(d).  Bell v. Reno, 218
F.3d 86, 94 (2nd Cir. 2000).

Further, the Ninth Circuit has determined that the
aggravated felony provision of the Illegal Immigration Reform
and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208,
110 Stat. 3009 (1996) ("IIRIRA") were intended to apply
retroactively to all defined offenses no matter when they were
committed.  Aragon-Ayon v. INS 206 F.3d 847, 853 (9th Cir. 2000);

see also, <u>Ortiz v. INS</u>, 179 F.3d 1148 (9th Cir. 1999) (holding the alien deportable as an aggravated felon even though his crime was not defined as an aggravated felony when it was committed); <u>Valderrama-Fonseca v. INS</u>, 116 F.3d 853, 855-56 (9th Cir. 1997) ("it doesn't matter when the conviction occurred if the IIRIRA 'aggravated felony' amendments apply).

Guerra-Moya's 1982 burglary conviction is an aggravated felony.  Consequently, Guerra-Moya is ineligible for relief from removal and the immigration judge did not err in ordering him removed from the United States, nor did the Board err in affirming that decision.

> **III. GUERRA-MOYA IS NOT ELIGIBLE FOR RELIEF PURSUANT TO §212(c) OF THE ACT, 8 U.S.C. §1182(c), UNDER THE SUPREME COURT'S HOLDING IN INS v. ST. CYR, 533 U.S. 289 (2001) BECAUSE GUERRA-MOYA WAS NOT ELIGIBLE FOR THE RELIEF AT THE TIME HE ENTERED HIS PLEA.**

Guerra-Moya claims that he should be allowed to apply for a discretionary waiver of deportation for the burglary conviction under former §212(c) of the Act, 8 U.S.C. §1182(c) (1994) (repealed), pursuant to the Supreme Court's decision in <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001).  In <u>St. Cyr</u>, the Supreme Court held that, for aliens in removal proceedings, "§212(c) relief remains available for aliens … whose convictions were obtained

through plea agreements and who, notwithstanding those convictions, **would have been eligible for §212(c) relief at the time of their plea under the law then in effect.**" St. Cyr, 533 at 325 (emphasis added). Here, Guerra-Moya was not eligible for §212(c) relief at the time of his 1982 conviction and, thus, he is not eligible to apply for a §212(c) waiver of his burglary conviction under St. Cyr in his removal proceeding.

Guerra-Moya pled guilty on August 23, 1982, to the offense of burglary. At that time, §212(c) of the Act, 8 U.S.C. §1182(c) required that, in order to be eligible for relief, the alien must have been "returning to a lawful unrelinquished domicile of seven consecutive years … ." §212(c) of the Act, 8 U.S.C. §1182(c). When Guerra-Moya entered his plea in 1982, he had only been a lawful permanent resident for 6 years and 4 months. Therefore, Guerra-Moya was not eligible to apply for relief pursuant to §212(c) of the Act, 8 U.S.C. §1182(c), at the time he entered his plea of guilty to the offense of burglary and is not eligible to do so now.

14

**IV.   THE IMMIGRATION JUDGE DID NOT ERR IN
APPLYING THE STOP-TIME RULE IN §240A(d)(1)
OF THE ACT, 8 U.S.C. §1229b(d)(1) TO THE
1982 BURGLARY CONVICTION.**

The Act allows the Attorney General to waive or cancel the removal of an alien who is inadmissible or deportable from the United States if certain criteria are met.   One of the requirements is that the alien must have resided in the United States continuously for seven years after having been admitted in any status.   Continuous residence is deemed to end when the alien "committed an offense **referred** to in section 212(a)(2) that renders the alien inadmissible to the United States under section 212(a)(2) or removable from the United States under section 237(a)(2) ... ."   §240A(d)(1) of the Act (emphasis added).   The Board has held that the period of continuous residence required for relief under §240A(a) of the Act includes admission as a temporary resident.   Matter of Perez, 22 I&N Dec. 689 (BIA 1999).

It is undisputed that Guerra-Moya became a lawful permanent resident on April 26, 1976.   There has been no showing that the respondent resided continuously in the United States in a lawful status prior to that date.   It is also indisputable that the

15

burglary offense was committed on April 30, 1982.  See Government
Exh. A.

Based on these facts, Guerra-Moya cannot show that he meets
the requirement that he has resided in the United States
continuously for seven years after having been admitted in any
status.  The time between his entry as a lawful permanent resident
alien (April 26, 1976) and the commission of the burglary offense
(April 30, 1982) is 6 years and 4 days; a time period considerably
less than the seven years required by the statute.

Therefore, the respondent is ineligible for either a waiver
pursuant to former §212(c) of the Act, 8 U.S.C. §1182(c), or
cancellation of removal pursuant to §240A(a) of the Act, 8 U.S.C.
1229b(a), because he cannot meet the continuous residency
requirement.  Accordingly, the immigration judge did not err in
finding Guerra-Moya ineligible for relief from removal and
ordering his removal to Mexico.

### V.  THE BOARD'S DECISION DOES NOT VIOLATE GUERRA-MOYA'S DUE PROCESS RIGHTS.

#### A.  Board Member Cole Did Not Error By Issuing a Summary Affirmance of the Decision of the Immigration Judge.

In order to manage the Board's enormous caseload,
regulations were promulgated to help the Board review the cases
more efficiently.  8 C.F.R. §1003.1(e).  This "streamlining"

allows for the Chairman of the Board to assign cases to a single Board member for review, unless the case meets the standards of review by a three-member panel in accordance with 8 C.F.R. §1003.1(e)(6).

At issue in this case is whether Board member Cole properly used these "streamlining" regulations, which permit a single Board member, to whom the case is assigned, to determine if summary affirmance is appropriate.  In making such a determination, the Board member shall review the immigration judge's decision to decide if the results reached below were correct, that any errors were harmless or nonmaterial, and that "[t]he issues on appeal are squarely controlled by existing Board or federal court precedent … or [t]he factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case."  8 C.F.R. §1003.1(e)(4)(i).

If the Board member determines that the case is appropriate for summary affirmance, "the Board member shall issue an order that reads as follows: 'The Board affirms, without opinion, the result of the decision below.  The decision below is, therefore, the final agency determination.  See 8 CFR 3.1(e)(4).'"  8 C.F.R. §1003.1(e)(4)(ii).  Further, such an order "shall not

include further explanation or reasoning." An order issued
under this provision "does not necessarily imply approval of all
of the reasoning of that decision, but does signify the Board's
conclusion that any errors in the decision of the immigration
judge … were harmless or nonmaterial." Id. Guerra-Moya
believes Board member Cole erred by issuing an order summarily
affirming the decision of the immigration judge.

In reviewing the immigration judge's decision, Board member
Cole determined that either the issues on appeal were squarely
controlled by Board or federal court precedent or the factual
and legal issues raised on appeal did not warrant a written
opinion. Having considered the decision reached by the
immigration judge was sound, Board member Cole then issued an
order affirming the decision of the immigration judge. 8 C.F.R.
§1003.1(e)(4)(ii).

## B.  Board Member Cole's Decision Does Not Violate Due Process.

Guerra-Moya's petition seems to allege that other factors
may have played a significant role in Board member Cole's
decision to summarily affirm the immigration judge's decision.
Specifically, Guerra-Moya asserts the rights to appeal and file
motions to reopen and reconsider removal orders are rendered

18

"meaningless where they can unilaterally [be] destroyed by the Attorney General, through the BIA 'streamlining' process, without meaningful consideration of legal arguments in cases not strictly controlled by existing BIA or federal court precedent." Petition for Writ of Habeas Corpus at ¶32.

The record is devoid of any evidence that Board member Cole considered anything other than those factors she should have considered in making her decision.  In deciding a case involving the summary affirmance regulations, the "First Circuit reasoned that they could not infer, in the absence of evidence, that the BIA did not conduct the required review of the immigration judge's decision merely because it used a streamlined summary affirmance procedure in order to manage its caseload."  Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003) (referring to Albathani v. INS, 318 F.3d 365, 379 (1st Cir. 2003)).  Circuits have recognized that they themselves use one-line summary affirmances or summary disposition of cases.  "These are workload management devices that acknowledge the reality of high caseloads.  They do not, either alone or in combination with caseload statistics, establish that the required review is not taking place."  Albathani at 379.

At least five Circuit Courts have considered similar constitutional challenges and have concluded that streamlining does not violate an alien's due process rights.  See Albathani v. INS, 318 F.3d 365, 379 (1st Cir. 2003); Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003); Georgis v. Ashcroft, 328 F.3d 962, 967 (7th Cir. 2003); Carriche v. Ashcroft, 335 F.3d 1009, 1013 (9th Cir. 2003); Mendoza v. U.S. Attorney General, 327 F.3d 1283, 1289 (11th Cir. 2003).  Guerra-Moya was afforded a full hearing before an immigration judge.  He was allowed to present arguments in support of his position that he was eligible for relief.  The immigration judge issued a reasoned opinion.  Guerra-Moya was given the opportunity to appeal his case to the Board and allowed to submit a brief in support thereof.  Guerra-Moya received a decision from the Board.

Guerra-Moya does not have a constitutional right to appeal. He is entitled to an administrative appeal by statute.  The Board is not required to do more than is set forth in the statute or regulations.  When the Board issues a summary affirmance, the immigration judge's decision becomes the final agency decision subject to review.  Such procedures do not violate Guerra-Moya's due process rights.

## CONCLUSION

Based on the foregoing reasons, Guerra-Moya's petition for writ of habeas corpus should be dismissed.


                        Respectfully submitted,

                        MICHAEL T. SHELBY
                        United States Attorney
                        Southern District of Texas

                        _____
                        LISA M. PUTNAM
                        Special Assistant U.S. Attorney
                        P.O. Box 1711
                        Harlingen, Texas 78551
                        Tel:  (956) 389-7051
                        Georgia Bar No. 590315
October 29, 2003        Federal Bar No. 23937

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus with Incorporated Points and Authorities was mailed via first class mail, postage prepaid to:

> Jodi Goodwin, Esquire
> 1322 E. Tyler Ave.
> Harlingen, TX  78550

on this 29th day of October, 2003.

LISA M. PUTNAM
Special Assistant United States Attorney



STATE OF TEXAS
  VS.
FRANCISCO GUERRA

NO. 82-CR-458$^D$ IN THE   DISTRICT COURT OF NUECES COUNTY

CHARGE Burglary   105th JUCICIAL DISTRICT OF TEXAS

DATE August 23, 1982 Aug. TERM A.D. 19 82

On this day the above cause came on for trial and came Hon. District Attorney, representing the state and also the Defendant FRANCISCO GUERRA   both in person and by attorney, Hon. Robert Vargas   and announced ready for trial before the Court xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx , and the defendant entered his plea of guilty thereto, and having in person and through and by his said attorney waived the intervention of a jury, and counsel representing the State having agreed to said waiver of a jury, and the Court having agreed to same, and it appearing to the Court that the Defendant is sane and is not influenced by any consideration of fear or by any persuasion or delusive hope of pardon prompting him to confess his guilt, and the Court having duly admonished the Defendant as to the consequences of such plea, yet the Defendant persisted in entering his said plea of guilty, and said plea was duly accepted by the Court.

And the Court after hearing the evidence and argument of counsel, is of the opinion and finds that the Defendant is guilty of the offense as charged.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court that said Defendant is guilty of the offense of  Burglary committed on April 30, 1982

as charged in the   indictment, and that he be confined in the Texas Department of Corrections for  Two (2)  years, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which let execution issue.

THE STATE OF TEXAS
  VS.
FRANCISCO GUERRA

NO. 82-CR-458$^D$ IN THE   DISTRICT COURT OF NUECES COUNTY

CHARGE: Burglary   105th JUDICIAL DISTRICT OF TEXAS

DATE August 23, 1982 Aug. TERM A.D. 1982

On this day the Defendant FRANCISCO GUERRA   came into open Court with his attorney, Hon. Robert Vargas   for hearing on Defendant's application to suspend the imposition of sentence and to place Defendant on probation in this cause and the State appeared by its District Attorney; and it appearing to the Court from the evidence that the ends of justice and the best interests of the public, as well as the Defendant, will be subserved by the suspension of the imposition of sentence herein.

It is therefore, ordered, adjudged and decreed by the Court that the imposition of sentence herein be and the same is hereby suspended and that the Defendant be and he is hereby placed upon probation for the period of  Two (2)  years, upon the following terms and conditions, to-wit:

That during the term of probation, the Defendant shall:

(A) COMMIT NO OFFENSE AGAINST THE LAWS of this State or of any other state of the United States;
(B) REPORT TO THE PROBATION OFFICE AS DIRECTED and at least once each month while on probation;
(C) Permit the Adult Probation Office to visit you at your home, at your work, or elsewhere;
(D) Report any CHANGE of job, job status, or residence to the Probation Office within TWENTY-FOUR HOURS;
(E) REMAIN WITHIN NUECES COUNTY, TEXAS, unless permitted to depart by the Court and/or the Probation Office;
(F) Avoid injurious of vicious habits;
(G) Avoid persons or places of disreputable or harmful character;
(H) Avoid drug abuse including the excessive use of alcoholic beverages;
(I) Work faithfully at suitable employment as far as possible;
(J) Support your dependents;

(K) Pay your Fine, Court Costs, Restitution or Reparation, and Probation Fees as determined by the Court:

Pay FINE of $ none  within _____  by _____
Pay COURT COSTS of $ 102.00  xxxxxxx  by 8/23/82
Pay RESTITUTION of $ none  at$ _____  Per/Mo., starting on _____
Pay PROBATION FEE of $ 5.00  per month, starting on 9/23/82

The Clerk of this Court will furnish the Defendant a Certified copy of this Order, and shall note on the Docket Sheet the date of delivery of such Order.

PRESIDING JUDGE OF THE 105TH DISTRICT COURT

MICROFILMED

Felony Probation – Conditions of Probation – Suspended Rights – Federal Gun Control Act

| THE STATE OF TEXAS | | | X | IN THE 105th DISTRICT COURT |
| VS | NO: | 82-CR-458-D | X | OF NUECES COUNTY, TEXAS |
| Francisco Maya Guerra | | | X | August 23, 1982 |

OFFENSE: Burglary

In accordance with the authority conferred by the Adult Probation Law of the State of Texas you have been placed on probation this date for a period of _2 years_ by the Honorable _Vernon Harville_, presiding Judge, _105th_ District Court of Nueces County, Texas.

IT IS THE ORDER OF THE COURT THAT YOU COMPLY WITH THE FOLLOWING CONDITIONS OF PROBATION:

(A) COMMIT NO OFFENSE AGAINST THE LAWS of this State or of any other State or of the United States;

(B) REPORT TO THE PROBATION OFFICER AS DIRECTED and at least once each month while you are on probation;

(C) REMAIN WITHIN NUECES COUNTY, TEXAS, unless permitted to depart by the Court or Probation Officer;

(D) Permit the Probation Officer to visit you at your home, at your work, or elsewhere;

(E) Report any change of residence, job, or job status to the Probation Officer within 24 hours;

(F) Work faithfully at suitable employment as far as possible;

(G) Avoid persons or places of disreputable or harmful character;

(H) Avoid injurious or vicious habits, avoid the excessive use of alcoholic beverages, and/or avoid the unlawful use of drugs, narcotics, or any other controlled substances;

(I) Participate in any community-based program as may be ordered by the Court;

(J) Remain under custodial supervision in a community-based facility, obey all rules and regulations of such facility, and pay a percentage of your income to the facility for room and board as may be ordered by the Court;

(K) Pay a percentage of your income to your dependents for their support while you are under custodial supervision in a community-based facility as may be ordered by the Court;

(L) Support your dependents;

(M) Reimburse Nueces County for compensation paid to appointed counsel for defending you in this case in the amount of $ _none_ ;

(N) Pay a FINE of $ _none_ ;

(O) Pay the COURT COSTS of $ _102.00   due today 8-23-82_ ;

(P) Pay a PROBATION FEE of $ _5.00 per month beginning 9-23-82 and each and every month thereafter while on probation._

(Q) Pay the RESTITUTION of $none ;

He shall report to this office once a week for the months of August and September and every other week for the months of October and November, and once per month thereafter if abiding by the Conditions of Probation, or as directed by the Court;

Next reporting date: _8/30/82_

YOU ARE FURTHER ADVISED THAT BECAUSE YOU HAVE BEEN CONVICTED OF A FELONY OFFENSE AND PLACED ON PROBATION, DURING THE PERIOD IN WHICH YOU WILL BE SERVING YOUR PROBATIONARY SENTENCE, IN ACCORDANCE WITH STATE LAWS, (1) YOU MAY NOT VOTE, (2) YOU MAY NOT SERVE ON A JURY, AND (3) YOU MAY NOT HOLD PUBLIC OFFICE.

AND, BECAUSE OF YOUR CONVICTION, YOU ARE FURTHER ADVISED THAT UNDER THE FEDERAL GUN CONTROL ACT OF 1968, IT IS A VIOLATION OF FEDERAL LAW FOR YOU TO CARRY, PURCHASE, RECEIVE, OR POSSESS A FIREARM OR EXPLOSIVE.

STATEMENT BY PROBATIONER

On the above date I was granted a probationary sentence in the above styled and numbered cause after having been convicted of committing a felony offense. The conditions of my probation in this same cause as listed herein have been explained to me by the Adult Probation Officer whose signature appears below. I do verify by my own signature below that I fully understand all of the terms and conditions of my probation.

X _Francisco Guerra_                              _Vernon D Harville_
PROBATIONER                                        PRESIDING JUDGE

_Frank Benard_                     Oscar Soliz - District Clerk
ADULT PROBATION OFFICER                            DISTRICT CLERK

_By Betty M Slay_
_Deputy_

M I C R O F I L M E D

MICROFILMED

FILED

AUG 23 1982  AM

OSCAR SOLIZ, CLERK
DISTRICT COURT, NUECES COUNTY, TEXAS

By

THE STATE OF TEXAS

VS

FRANCISCO JOSE GUERRA
PROBATIONER

82-CR-458-D
CAUSE NUMBER

IN THE 105 TH DISTRICT COURT

OF NUECES COUNTY, TEXAS

AUGUST 23, 1984
CASE EXPIRATION DATE

## MOTION TO DISCHARGE DEFENDANT FROM PROBATION

NOW COMES THE ADULT PROBATION OFFICER FOR NUECES COUNTY, TEXAS, and shows to the Court that the Defendant in the above entitled and numbered cause has satisfactorily served all of the original probationary term as assessed by this Court, and;

WHEREAS, in the opinion that the ends of justice have been served and that the best interests of both this Defendant and society would now be best served by discharging this Defendant from further probation, the Adult Probation Officer hereby petitions the Court in this motion to the Court that the probation in the above entitled and numbered cause having expired be granted a satisfactory discharge.

APPROVED BY: _____          _____
                                                Adult Probation Officer

----------------------------------------------------------------------

## ORDER DISCHARGING DEFENDANT FROM PROBATION AND SETTING ASIDE JUDGMENT OF CONVICTION

Having heard the opinion by the Adult Probation Officer of Nueces County, Texas, in appraisal of the Defendant in the above entitled and numbered cause, that the Defendant has satisfactorily completed all of the probationary term as originally assessed, said term having expired with the Defendant in satisfactory standing, the Court hereby approves the above motion to discharge the Defendant from further probation.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that:

(1) the above described probation be immediately discharged;

(2) the verdict is set aside, the accusation, complaint, information or indictment in this cause is dismissed;

(3) the Defendant is released from all disabilities and penalties resulting from the original order of probation;

SIGNED THIS 23RD DAY OF Aug 1984.

_____
PRESIDING JUDGE

FILED
Aug 27 1 28 PM '84
OSCAR SOLER
CLERK DIST. COURTS,
NUECES COUNTY, TEXAS
BY

MICROFILMED

en–48/393

MICROFILMED



COLLECTIONS DEPT.

**PROBATION EXPIRES** 3-28-98

BAIL STATUS COODEQUIPPED

THE STATE OF TEXAS VS.

MA9659134 H
GUERRA FRANCISCO NOYA
UCM HANDGUN
OFF. 101996  FILED 102596

CCR-96-59134-H

State Sentence Imposed: _____ years _____ months

Deferred Adjudication: $_____

Community Supervision: $_____ Fine and costs of court

probated for _____ years _____ months
supervised / unsupervised

_____ Fine and costs of court

Confinement in Jail: $_____

_____ days/hours in the Dallas County Jail
Fine and costs of court

Date to commence: _____
Credit for time served: _____

Probation Revocation: _____ days/hours in the Dallas County Jail   Date of Revocation _____

Judgment Vol. _____ Page _____   Orders of the Court

Res Disco v. 10 7

Attorney for Defendant: Philip Robertson
855-7122

Attorney for State: _____

Memorandum of Papers Filed

Surety: ARMANDO M. SPINOSA (agent)
All Paid

Date 6/6/97

ODL Vol. _____ Page _____   Vol. _____ Page _____

CCR-96-59134-H

(handwritten notes, partly illegible)
348

HE STATE OF TEXAS       §      IN THE COUNTY CRIMINAL COURT

VS.                   §      _____ No.7 _____ OF

Francisco Guerra      §      DALLAS COUNTY, TEXAS

## WAIVER OF JURY

      Comes now the Defendant with the consent and approval of Defendant's attorney, if any, and does in person, in writing and in open court, waive the right to trial by jury and request the Judge to consent to and approve this waiver.

_____      _____
Attorney for Defendant           Defendant

00 792 804
Bar Card Number

      Comes now the undersigned attorney for the State and consents to and approves the Defendant's waiver of jury.

_____
Assistant District Attorney
Dallas County, Texas

00 797 342
Bar Card Number

      Comes now the Judge and hereby consents to and approves the Defendant's waiver of jury in this cause.

Signed and entered this 28ᵗʰ day of ____March____, 199 7.

_____
Judge, County Criminal Court #7
Dallas, Texas

Form No. M-170



TRUE AND CORRECT
COPY OF ORIGINAL

aes
JANT    GUERRA, FRANCISCO MOYA    WM   030555         CHARGE          UCW HANDGUN
        AKA:
(ESS    3703 INGERSOLL,   DALLAS, TX              LOCATION    DSO

ING AGENCY   TXDPD0000   DATE FILED   10/24/96   COURT   #7

COMPLAINANT    STEWART, PAUL RAY                          MA9659134 - H

C/C

SERVICE NO.   980077E              ARREST NO.   96072165          I.D. NO.

# INFORMATION

**In the Name and by the Authority of the State of Texas.**

NOW COMES THE CRIMINAL DISTRICT ATTORNEY of Dallas County, State of Texas, and presents in and to the

County Criminal Court    #7                     of Dallas County, State aforesaid, that one

GUERRA, FRANCISCO MOYA

hereinafter styled Defendant, heretofore, on or about the ___19TH___ day of ___OCTOBER___ A.D., 19 __96__

in the County of Dallas and State of Texas, did unlawfully

knowingly and intentionally carry on or about his person, a handgun,

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

Against the peace and dignity of the state.

_John Vance_
Criminal District Attorney of Dallas County, Texas

Cause No. XX MA96-59134-H          JANUARY   Term

...E OF TEXAS                          §
                                       §          IN THE COUNTY CRIMINAL COURT  37
                                       §
ancisco moya guerra                    §          _____ OF
                                       §          DALLAS COUNTY, TEXAS

## JUDGMENT OF GUILTY ON PLEA OF NOT GUILTY
## TO THE JUDGE COMMUNITY SUPERVISION GRANTED

JUDGE PRESIDING: ELIZABETH CROWDER    DATE OF JUDGMENT:    MARCH 28, 1997

ATTORNEY
FOR STATE: *Robert Rags...*          ATTORNEY
                                     FOR DEFENDANT:   PHILLIP ROBERTSON

OFFENSE ALLEGED:    UCW HANDGUN

   CLASS A MISDEMEANOR    DATE OF ALLEGED OFFENSE:    OCTOBER 19, 1996

CHARGING INSTRUMENT: INFORMATION/XXXXXXXXXXX         PLEA: NOT GUILTY

FINDING OF COURT:    GUILTY

DATE SENTENCE IMPOSED:    MARCH 28, 1997 COSTS: YES/XXX

PUNISHMENT AND PLACE
OF CONFINEMENT:
   90 DYS    CONFINEMENT IN THE DALLAS COUNTY JAIL AND A FINE OF $      500.00
DATE TO COMMENCE: 3-28-97

CREDIT FOR TIME SERVED:                    FINE PROBATED: XXX/NO

X.C.C.P. COUNSELING FEE, IF APPLICABLE: $      , NOT TO EXCEED $500

TERMS OF COMMUNITY SUPERVISION:    12 MONTHS

RESTITUTION/REPARATION: YES/NO
   IF YES, NAME OF VICTIM:
   ADDRESS OF VICTIM OR AGENCY TO COLLECT PAYMENTS:


AFFIRMATIVE FINDING OF FAMILY VIOLENCE, IF APPLICABLE:  YES/NO

CASE TO RUN CUMULATIVE/CONCURRENT WITH ALL OTHER CASES

On this day, set forth above, the above styled and numbered cause was called for trial. The State of Texas and Defendant appeared by and through the above named attorneys and announced ready for trial. Defendant appeared in person in open court. Where Defendant was not represented by counsel, Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel.

Having been admonished of the right to a jury trial, the Defendant waived the right to a jury trial in writing and in open court with the consent and approval of the Judge, the Defendant's attorney, and the prosecuting attorney named above. The consent and approval of the waiver of jury trial was entered of record in the minutes of the court before the Defendant entered this plea.

Evidence was presented to the Judge and having heard the evidence, the Judge finds that the evidence is sufficient to support the allegations. The Judge finds the Defendant guilty.

Prior to the commencement of trial, the Defendant filed a sworn written application for community supervision which included a statement that he had never before been convicted of a felony offense. Evidence was presented to the Judge on the issue of punishment. The Judge finds that the ends of justice and the best interests of the public as well as the Defendant will be served by suspending the imposition of the judgment and placing the Defendant on community supervision.

In the event that a presentence investigation was required by statute, said presentence investigation was done according to the applicable statute. If a presentence report was made, the Defendant authorized, in writing, the Judge to inspect the report. Where the Defendant requested that a presentence investigation not be made the Judge agreed to the request.

It is, therefore, ordered and decreed by the Judge that said Defendant be adjudged guilty of the offense as shown above on the date shown above, and that pursuant to the Judge's finding, the sentence is hereby suspended for the period of time set out above. It is further ordered that the Defendant pay the fine, unless probated, as stated above, court costs, expenses of legal services provided by the court appointed attorney or public defender in this cause, if any, and restitution or reparation as set forth above and in the attached conditions of community supervision, if any. The Judge finds that the Defendant has the financial resources to enable the Defendant to offset said costs in the amount ordered.

It is further ordered, adjudged and decreed by the Judge that the imposition of sentence is hereby suspended for a period of time as shown above. The Defendant is hereby placed on community supervision for a period of time as shown above and subject to the terms and conditions of community supervision imposed this day by law and by the Judge and served upon the Defendant.

Conditions of community supervision attached hereto are incorporated for all purposes as a part of the Judgment. Said conditions of community supervision include the terms of any fee payment pursuant to the Texas Code of Criminal Procedure, if applicable.

Following the disposition of this cause, the Defendant's fingerprint was placed upon a Certificate of Fingerprint. Said certificate is attached hereto and is incorporated by reference as a part of this judgment.

Community supervision expires on the 27th day of *March*, 199 8.

Signed and entered this 28th day of *March*, 199 7.

TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

Rev. ... 11/1/93

J Mr. A96-59134-H   OFFENSE _U C W_   Deferred _____ Regular XXXXX

CONDITIONS OF COMMUNITY SUPERVISION

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY CRIMINAL COURT |
| | § | #7 |
| FRANCISCO MOYA GUERRA | § | |
| "The Defendant" | | DALLAS COUNTY, TEXAS |

On this the 28 day of MARCH, 19 97, the Defendant has been placed on community supervision for a period of 12 months for the above offense. It is therefore ORDERED that the Defendant:

1) Commit no offense against the laws of this state or of any other state or the United States; 2) Avoid injurious or vicious habits; 3) Avoid persons or places of disreputable or harmful character; 4) Work faithfully at suitable employment; 5) Support all dependents. 6) Remain within a specified place, to wit: Dallas or Nuece Nos County, Texas, and do not move therefrom without leave of the Court; notify the Court of any change of address;

7) [X] Pay [X] fine and/or [ ] costs totaling 750.00 as follows: [ ] to Dallas County Community Supervision and Corrections Department (DCCSCD) not later than _____, 199_; [ ] to the Collections Department; [ ] instanter to the clerk of the court; [ ] Defendant will discharge fine and court costs by performing _____ hours of community service no later than _____ and pay a $ _____ fee to [ ] Volunteer Center; or [ ] _____ for the administrative duties required by the placement.

8) [X] Report immediately in person to DCCSCD and then not less than once each thirty days in person as instructed by that department; permit the community supervision officer to visit at defendant's home, place of employment or as required by the court;

9) [X] Pay a supervisory fee of [ ] $25 [X] $40 per month to the DCCSCD;

10) [X] Perform 80 hours of community service through [ ] DCCSCD or [X] Volunteer Center and pay $0 for the administrative duties required by the placement; or [ ] waived for good cause shown;

11) [ ] Reimburse Dallas County, Texas for compensation paid for court-appointed attorney or public defender in this matter in the total sum of $ _____, payable through [ ] clerk of the Court or [ ] the DCCSCD or [ ] the Collections Department; [ ] within _____ days.

12) [ ] Pay restitution or reparation through DCCSCD in any sum that the Judge shall determine, to wit: pay $ _____ total restitution [ ] not later than _____ or [ ] pay _____ per month with the first payment to be paid _____, 19 ___;

13) [X] Make a contribution in the amount of $ 25.00 to the Dallas Area Crime Stoppers, Inc. payable through [ ] the clerk of the Court or XXXX the Collections Department on or before INCLUDED INTO FINE &; COSTS

14) [ ] Submit to periodic urinalysis as directed by the DCCSCD and receive no positive results for illegal substances from said analysis;

15) [ ] Complete an Adult Literacy Program or acquire GED or High School Diploma on/before _____ ;

16) [ ] Submit to Mental Health Evaluation/Treatment Program, to wit: _____ ;

17) [ ] Successfully complete an Employment assistance program;

18) [ ] Successfully complete Life Skills program by _____ ;

19) [ ] Have no contact with the complainant, _____ , during the term of community supervision;

20) [ ] Successfully complete a Domestic Violence Treatment Program as directed by DCCSCD; to wit _____ ;

21) [X] Forfeit weapon to law enforcement agency office holding the weapon;

22) [ ] Successfully complete the Weapons Education Safety & Training (WEST) Program through DCCSCD;

23) [ ] Successfully complete a State approved [ ] DWI [ ] Repeat Offenders [ ] Drug Offenders Education Program: [ ] within 180 days or [ ] within _____ days from the date community supervision is granted; or [ ] not later than _____ ;

24) [ ] Attend a Victim Impact Panel within [ ] 180 [ ] _____ days from the date community supervision is granted;

25) [ ] Submit to alcohol and/or drug abuse evaluation/treatment program as directed by the community supervision officer of this court, to wit: [ ] TAIP; [ ] _____ ;

26) [ ] Attend [ ] Court Referral Information Program (CRIP) or [ ] _____ ; [ ] at _____ times per _____ for a period of _____ months or [ ] as directed by DCCSCD, and abide by any and all directives/rules of said agency, and remain in such program until released by the Judge;

27) [ ] May not drive or operate a motor vehicle unless the vehicle has been equipped with a breath analysis mechanism and have no violations from the operation of said mechanism;

28) [ ] Serve _____ days in the Dallas County Jail as a condition of community supervision beginning on _____ ; time may be served on [ ] weekends or [ ] work release [ ] electronic monitoring; [ ] backtime credit _____

29) [ ] Supervision in this case may cease when Defendant has completed _____

30) [ ] _____

[SEAL] TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

The defendant is hereby advised that under the laws of this State, the Judge shall determine the terms and conditions of defendant's community supervision, and may at any time during the period of community supervision alter or modify the conditions of community supervision. The Judge also has the authority at any time during the period of community supervision to revoke the community supervision when a preponderance of the evidence establishes a violation of one or more of the conditions set forth above.

Clerk of the court furnished the defendant with a copy of the terms and conditions of community supervision.

Signed and entered this the 28 day of March, 199 7.

EARL BULLOCK, COUNTY CLERK DALLAS COUNTY, TEXAS

By: _____, Deputy

_____
Signature of Defendant



Immigration and Naturalization Service                                    Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A35 279 793

In the Matter of:

Respondent:    Francisco Jose GUERRA-Moya

| P.I.S.P.C. Rt. 3    Box 341    Los Fresnos    Texas    78566 | 210-233-4431 |
|---|---|
| (Number, street, city, state ans ZIP code) | (Area code and phone number) |

☐    1. You are an arriving alien.

☐    2. You are an alien present in the United States who has not been admitted or paroled.

☒    3. You have been admitted to the United States, but are deportable for the reasons below.

The Service alleges that you:

1. You are not a citizen or national of the United States

2. You are a native of    Mexico    and citizen of    Mexico    ;

3. You were admitted to the United States at    Laredo, Texas    on or about    April 26, 1976
   as an    Immigrant

4. You were, on March 28, 1997, convicted in the Dallas County Criminal Court #7, at Dallas, Texas for the offense of "Unlawful Carrying of a Weapon", a felony, in violation of Section 237(a)(2)(C) of the I&NA Act..

On the basis of the foregoing, it is charged that you are subject to removal from the United states pursuant to the following provision(s) of law:

Section 237(a)(2)(C) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive (as defined in section 921(a) of Title 18, United States Code). .

☐    This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐    Section 235(b)(1) order was vacated pursuant to:    ☐ 8 CFR 208.30(f)(2)    ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:    **To Be Calendared**

201 East Jackson Street,  Harlingen, Tx. 78550
        (Complete Address of Immigration Court, Including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
        (Date)              (Time)
charge(s) set forth above.

Date:    February 03, 2000

Alfredo Borrego Jr.
Patrol Agent In Charge
(Signature and Title of Issuing Officer)

Kingsville, Texas
(City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____

X _____
(Signature of Respondent)

_____
(Signature and Title of INS Officer)

Date: _2/3/2000_

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _February 03, 2000_ , in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[X] in person    [ ] by certified mail, return receipt requested    [ ] by regular mail    [ ] _____
[X]

[X] Attached is a list of organizations and attorneys which provide free legal services.

[X] The alien was provided oral notice in the _____Spanish_____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

X _____
(Signature of Respondent if Personally Served)

R.B. Hernandez          Senior Patrol Agent
(Signature and Title of Officer)

Rt. Index Print



srm

1    in the criminal information with unlawfully knowingly and

2    intentionally carrying on or about his person a handgun.  He was

3    adjudged guilty of the offense of unlawfully carrying a weapon, a

4    handgun.  Based upon he record of conviction.  Let me ask before

5    I state anything regarding that.  Ms. Goodwin, did the respondent

6    appeal this conviction on direct appeal?

7              A.    No, he did not.

8              Q.    Therefore the Court finds that the respondent

9    after admission has been convicted under a law of carrying a

10   weapon which is a firearm as defined in Section 921(a) of Title

11   18 United State Code.  Therefore the Court finds that there is

12   clear and convincing evidence that respondent is subject to

13   removal as charged in the Notice to Appear.  Ms. Goodwin, if

14   removal is necessary, does respondent want to select a country

15   for removal?

16             A.    Yes, Judge, his native country of Mexico.

17             Q.    Is respondent requesting any relief from removal?

18             A.    Yes, respondent would be requesting cancellation

19   of removal for certain permanent residents and voluntary

20   departure in the alternative.

21   JUDGE TO MS. ESCOBAR

22             Q.    Mr. Escobar, is there anything in the Service's

23   file that would indicate the respondent is not eligible for

24   cancellation of removal?

25             A.    I have a temporary file, Your Honor, I can't

A 35 279 793                    7              April 11, 2000



srm

1          Q.    And how long did you live in Robstown at that

2     time?

3          A.    Since that date.

4          Q.    Up until now you've always lived in Robstown?

5          A.    Yes.

6          Q.    Are you married?

7          A.    Divorced.

8          Q.    When were you divorced?

9          A.    In 1999.

10         Q.    What was your wife's name?

11         A.     Maria Del Rosario Guerra.

12         Q.    When did you marry her?

13         A.    In 1976.

14   JUDGE TO MS. GOODWIN

15         Q.    Ms. Goodwin, before we go on with the testimony

16   there's one issue that I noticed when reviewing your application

17   and I didn't bring it up right at the beginning of the hearing

18   because I forgot about it but it states that in April, 1982, this

19   is in question 50 of the application, that in April, 1982 the

20   respondent plead guilty to the charge of burglary in Oasis

21   County, Texas and was sentenced to two years probation.  You have

22   not submitted the record of conviction for that and the Service

23   has not offered it either.

24         A.    Judge, what I have submitted, at this point in

25   time when we attempted to locate the record we were having some

A 35 279 793                    22                October 30, 2000

srm

1      difficulty with the clerk's office in Oasis County.   They were

2      able to provide me with, however, and if you give me a moment

3      I'll tell you which tab that it is at, with a document detailing

4      the arrest record.

5              Q.   I did see that.

6              A.   At tab 38.

7              Q.   But that didn't give a disposition of the case.

8              A.   No, it does not give a disposition and I'm aware

9      of that.   At this point in time, we've been unable to locate a

10     document to show the disposition.   The respondent's ex-wife who

11     they have actually reconciled their differences and are back

12     together told me this morning when she was looking for all of

13     that documentation, they were able to provide her with a very

14     thick file but they were not able to provide her with the

15     specific document for disposition.   But she says that as of last

16     week that she does know that there is a file that exists in Oasis

17     County but she may be able to go look through to find a

18     disposition.   But all that I have with respect to the disposition

19     is the respondent indicated to me that he had received two years

20     of probation and had completed with that probation.

21     JUDGE TO MR. MUIR

22             Q.   Mr. Muir, does the Service have that record of

23     conviction?

24             A.   Judge, we don't have the record of conviction.

25     Our permanent file has been temporarily misplaced.   Although I

A 35 279 793                          23                    October 30, 2000



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Harlingen, Texas

File No.:   A 35 279 793                    December 4, 2000

In the Matter of            )
                            )
FRANCISCO JOSE GUERRA-MOYA,  )          IN REMOVAL PROCEEDINGS
                            )
        Respondent          )

CHARGE:        Section 237(a)(2)(C) Immigration and Nationality
               Act.

APPLICATIONS:  Section 240A(a) Immigration and Nationality Act -
               cancellation of removal for certain permanent
               residents; Section 240B Immigration and
               Nationality Act - voluntary departure.

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

Jody Goodwin, Esquire               Kenneth Muir, Esquire
                                    Asst. District Counsel


ORAL DECISION OF THE IMMIGRATION JUDGE

        The Immigration Service issued a Notice to Appear with

respect to respondent on February 3, 2000 and properly served it

upon him.   (Exhibit number 1) The Notice to Appear alleges that

the respondent has been admitted to the United States but is

deportable for the reasons stated in the Notice to Appear.   The

Notice to Appear alleges that respondent is not a citizen or

national of the United States and that he is a native and citizen

of Mexico who was admitted to the United States at Laredo, Texas

on or about April 26, 1976 as an immigrant.   Respondent admitted

those allegations that he is not a citizen or national of the

MAR  2 2001

srm

United States and that he is a native and citizen of Mexico who was admitted to the United States at Laredo, Texas on or about April 26, 1976 as an immigrant. Respondent denied the allegation in the Notice to Appear which states that on March 28, 1997 he was convicted in the Dallas County Criminal Court Number Seven at Dallas, Texas for the offense of unlawful carrying of a weapon, a felony. Respondent also denied the charge of removability in the Notice to Appear pursuant to Section 237(a)(2)(C) of the Immigration and Nationality Act (the Act).

The Immigration Service issued the record of conviction with respect to the conviction alleged in the Notice to Appear. Those documents were admitted into the record by the Court without objection. (Group Exhibit number 2) The criminal information shows that the respondent was charged with unlawfully, knowingly, and intentionally carrying on or about his person a handgun with the offense occurring on October 19, 1996. The record of conviction shows that respondent plead not guilty to that offense or was found guilty by the court. The offense was Class A misdemeanor. The respondent was sentenced to 90 days confinement in the Dallas County jail and a fine of $500. The respondent was adjudged guilty of that offense of unlawful carrying of a weapon, that being a handgun. Respondent's counsel made a judicial admission that the respondent did not appeal that conviction regarding the unlawful carrying of the handgun.

The Court concludes that the record contains clear and

A 35 279 793                    2                    December 4, 2000

srm

convincing evidence that respondent is subject to removal as charged in the Notice to Appear under Section 237(a)(2)(C) of the Act. Thus respondent was admitted to the United States on April 26, 1976 as an immigrant. He was subsequently convicted on March 28, 1997 under a law regarding the unlawful carrying of a firearm as defined in Section 921(a) of Title 18, United States Code, that being a handgun.

Respondent selected the country of Mexico as the country for removal if removal were to become necessary. Respondent is applying for relief from removal in the form of cancellation of removal for certain permanent residents under Section 240A(a) of the Act and in the alternative voluntary departure under Section 240B of the Act. The respondent has filed this application for cancellation of removal under Section 240A(a) of the Act (Group Exhibit number 3).

The Court concludes that the record in this case demonstrates the respondent is not eligible under the Act to be considered for a discretionary grant of cancellation of removal for certain permanent residents under Section 240A(a) of the Act. Therefore, the Court will pretermit that application.

The respondent has submitted documentation which shows that he was convicted on August 23, 1982 for the offense of burglary committed on April 30, 1982. Respondent was adjudged guilty of that offense as charged in the indictment and he was sentenced to confinement in the Texas Department of Corrections

A 35 279 793                    3                    December 4, 2000

srm

for two years.  The Court suspended the imposition of that
sentence, the respondent was placed on probation for a period of
two years.  The indictment in that case shows that respondent was
charged with on or about April 30, 1982 intentionally and
knowingly entering a building not then opened to the public
without the effective consent of the owner and with the intent to
commit theft.  (Group Exhibit number 4).  Respondent, through
counsel, made a judicial admission that respondent did not appeal
that conviction for burglary.  The record also shows that on
August 23, 1984 in the criminal proceeding regarding the burglary
a judge ordered that respondent be discharged from probation.  In
that order the judge also set aside the verdict and dismissed the
accusation complaint, information, or indictment.  The judge also
released respondent from all disabilities and penalties resulting
from the original order of probation.  (Group Exhibit number 4).

In order to be eligible for cancellation of removal
under Section 240A(a) of the Act respondent must show that he's
been an alien lawfully admitted for permanent residence for not
less than five years; that he has resided in the United States
continuously for seven years after having been admitted in any
status; and that he has not been convicted of any aggravated
felony.

Respondent argues that his conviction for burglary of a
building has been vacated by the order of the court in the
criminal case on August 23, 1984 and therefore cannot be utilized

A 35 279 793                    4              December 4, 2000

srm

in this removal proceeding. The Court concludes that pursuant to
the Board of Immigration Appeals' decision in Matter of Roldan,
Int. Dec. 3377 (BIA 1999) this Court should give no effect in
this immigration proceeding to the state court action which set
aside the verdict and dismissed the accusation, complaint and
indictment in respondent's criminal case involving burglary. The
Court concludes that that action of the state court on August 23,
1984 was not an action that vacated the judgment of conviction ab
initio but instead was an action that expunged the conviction by
operation of a state rehabilitative statute. See Article 42.12
of the Texas Code of Criminal Procedure Section 7 and its
successor provisions Sections 23 and 20 of the Texas Code of
Criminal Procedure. It is noted that in all of those provisions
a proof of the conviction or the plea of guilty was required to
be made known to a court should the defendant again be convicted
of any criminal offense. This makes it clear that the dismissal
of the indictment and setting aside of the verdict is not a
vacating of the judgment ab initio but is simply an expungement
of the record of conviction pursuant to a state rehabilitative
statute. Therefore pursuant to Matter of Roldan, supra, such
expungement of the conviction has not effect in this immigration
proceeding and respondent is still to be considered convicted of
burglary of a building for the purposes of this removal
proceeding.

  The Court concludes that respondent's conviction for

A 35 279 793     5     December 4, 2000

srm

burglary of a building is an aggravated felony within the meaning
of Section 101(a)(43)(G) of the Act.  Respondent was convicted
for a burglary offense which the term of imprisonment is at least
one year.  The Court recognizes that respondent's conviction for
burglary of a building for which he was imprisoned for two years
would not have been considered an aggravated felony under the Act
until the Act was amended on September 30, 1996 pursuant to the
Illegal Immigration Reform and Immigrant Responsibility Act of
1996 (IIRIRA).  In addition to the amendment to Section
101(a)(43)(G), Section 321 of IIRIRA also amended the definition
of aggravated felony in Section 101(a)(43) of the Act to state
that "notwithstanding any other provision of law (including any
effective date) the term applies regardless of whether the
conviction was entered before, on or after the date of enactment
of this paragraph.  Further, Section 321(c) of IIRIRA states that
in pertinent part "the amendments made by this section shall
apply to actions taken on or after the date of enactment of this
act regardless of when the conviction occurred".  The Board of
Immigration Appeals has held that actions of the Board of
Immigration Appeals in deciding a case is an action taken on or
after the date of enactment of IIRIRA which was September 30,
1996 and therefore the new aggravated felony definition should
apply regardless of when the conviction occurred.  See Matter of
Pruong, Int. Dec. 3416 (BIA 1999).  Similarly, the action taken
by this Court in this case in deciding respondent's eligibility

A 35 279 793                    6                December 4, 2000

srm

for cancellation of removal under Section 240A(a) of the Act is an action taken after September 30, 1996. Therefore, the definition of aggravated felony as amended in Section 321 of IIRIRA applies to the present case. Respondent was convicted of a burglary offense. Further, within the meaning of the Act he was sentenced to a term of imprisonment of two years. Thus, Section 101(a)(48)(B) of the Act states that "any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration of confinement ordered by a court of law regardless of any suspension of the imposition of execution of that imprisonment or sentence in whole or in part". That the provision was added by Section 322(a)(1) of IIRIRA Section 322(c) of IIRIRA provided that the amendments made by subsection (a) shall apply to convictions and sentences entered before, on or after the day of enactment of IIRIRA which was September 30, 1996. Therefore, that provision applies to the present case even though the respondent was convicted in 1982.

Accordingly, the respondent is considered to have been sentenced to a term of imprisonment of two years for his offense of burglary of a building even though the court suspended the imposition of that sentence and placed the respondent on probation for a period of two years. Further, as stated above, the definition of an aggravated felony such as pursuant to 101(a)(43)(G) of the Act applies even though the conviction was entered before September 30, 1996. See Matter Pruong, supra.

A 35 279 793                          7                    December 4, 2000

srm

Therefore, since respondent has been convicted of an aggravated felony, he is not eligible to apply for cancellation of removal under Section 240A(a) of the Act.

The Court concludes that respondent is also ineligible to apply for cancellation of removal under Section 240A(a) of the Act because he has not resided in the United States continuously for seven years after having been admitted in any status within the meaning of Section 240A(a)(2) of the Act. Thus, respondent testified that he first came to the United States in 1976 when he was admitted as a permanent legal resident of the United States. The parties stipulated that he became a permanent legal resident on April 26, 1976. Section 240A(d)(1) of the Act states in pertinent part that any period of continuous residence in the United States shall be deemed to end when the alien has committed an offense referred to in Section 212(a)(2) that renders the alien inadmissible to the United States under Section 212(a)(2) or removable from the United States under Section 237(a)(2) or 237(a)(4) whichever is earliest. The Court concludes the respondent's conviction for burglary of a building which offense occurred on April 30, 1982 shows that respondent has committed an offense referred to in Section 212(a)(2) that renders the respondent inadmissible to the United States under Section 212(a)(2). The crime of burglary of a building with intent to commit theft is a crime involving moral turpitude within the meaning of Section 212(a)(2)(A)(i)(I). Thus, it was a crime

A 35 279 793                  8                  December 4, 2000

srm

involving moral turpitude other than a purely political offense.
Also, respondent would not come within either of the exceptions
to that ground of inadmissibility set forth in Section
212(a)(2)(A)(ii). The crime was committed when respondent was
over 18 years of age. Also the maximum penalty possible for the
crime of which respondent was convicted was more than one year
and he was sentenced to a term of imprisonment of more than six
months. Further, even though respondent is a permanent legal
resident of the United States he is inadmissible to the United
States pursuant to Section 212(a)(2)(A)(i)(I) by reason of
Section 101(a)(13)(C)(V). Thus, if respondent were attempting to
come into the United States he would be regarded as seeking an
admission into the United States for the purpose of the
immigration laws because he has committed an offense identified
in Section 212(a)(2) of the Act and as conceded by respondent's
counsel. Respondent has not been granted relief under Section
212(h) or 240A(a) of the Act with respect to that offense of
burglary of a building. Accordingly, respondent would be
considered an applicant for admission and would be inadmissible
under Section 212(a)(2)(A)(i)(I) of the Act.

Based upon this analysis, respondent's continuous
residence in the United State within the meaning of Section
240A(a) of the Act and 240A(d)(1) of the Act would be deemed to
end on April 30, 1982 when respondent committed the burglary
offense. See Matter of Perez, Int. Dec. 3389 (BIA 1999). Since

A 35 279 793                    9              December 4, 2000

srm

respondent was first admitted into the United States on April 26, 1976 he would have only six years of residence in the United States after having been admitted in any status. Accordingly, he is ineligible pursuant to Section 240A(a)(2) of the Act to apply for cancellation of removal for certain permanent residents.

With respect to respondent's application for voluntary departure under Section 240B of the Act, respondent's application must be considered under Section 240B(b)(1) of the Act as an application for voluntary departure at the conclusion of proceedings. In order to show that he is eligible for voluntary departure under that provision respondent must show that he is not deportable under Section 237(a)(2)(A)(iii) of the Act. Further, under the applicable regulation at 8 C.F.R. 240.26(c)(1)(iii) respondent must show that he has not been convicted of a crime described in Section 101(a)(43) of the Act. The Court concludes that respondent is not eligible for voluntary departure under Section 240B(b)(1) of the Act because he has been convicted of a crime described in Section 101(a)(43)(G) of the Act as fully discussed above. That being the aggravated felony of burglary of a building. It also appears the respondent is subject to removal under Section 237(a)(2)(A)(iii) of the Act as having been convicted of the aggravated felony of burglary of a building. See Matter of Littman, Int. Dec. 3370 (BIA 1998), affirmed 207 F.3d 1368 (11th Cir. 2000).

Based upon the Court's conclusions the respondent is

A 35 279 793                    10                    December 4, 2000

srm

not eligible to be considered for discretionary grants of cancellation of removal pursuant to Section 240A(a) of the Act or voluntary departure pursuant to Section 240B(b)(1) of the Act. The Court will pretermit both applications without a full presentation of evidence by the parties regarding the discretionary factors relevant to those applications.

<u>ORDER</u>

IT IS HEREBY ORDERED that respondent's applications for cancellation of removal pursuant to Section 240A(a) of the Act and voluntary departure under Section 240B of the Act be denied as a matter of statutory eligibility.

IT IS FURTHER ORDERED that respondent be removed from the United States to Mexico pursuant to the charge of removability as stated in the Notice to Appear.

Dated this 4th day of December, 2000.

<div style="margin-left: 40%;">
_____

HOWARD E. ACHTSAM
Immigration Judge
</div>

A 35 279 793                           11                    December 4, 2000



U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

OMB #1105-006

Notice of Appeal to the Board of Immigration
Appeals of Decision of Immigration Judge

**1.**

List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

Francisco Jose Guerra-Moya                    35-279-793

For Official Use Only

! **WARNING TO ALL APPLICANT(S)/RESPONDENT(S)**: Names and
"A"Numbers of everyone appealing the order must be written in Item #1.

**2.** Applicant/Respondent is currently    ☐ DETAINED    ☒ NOT DETAINED.

**3.** Appeal from the Immigration Judge's decision dated 12/4/00

**4.**

! State in detail the reason(s) for this appeal. You are not limited in the space provided below.
Use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

! **WARNING** — The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice unless you give specific details in a timely, separate written brief or statement filed with the Board.

The Immigration Judge erred as a matter of law in several respects. First, the Immigration Judge erred in finding that Respondent had been convicted of an "aggravated felony" in August of 1982 for burglary. As a matter of law, the term "aggravated felony" did not exist until 1988 and any application of the amended definition of aggravated felony to the instant case is a constitutionally impermissible violation of due process. Second, the Immigration Judge improperly characterized the August 1984 dismissal of the 1982 burglary conviction as an expungement. In fact, the order dismissing the conviction states that "the verdict is set aside, the accusation, complaint, information, or indictment in this cause is DISMISSED." Any application of the definition of "conviction" as that term is defined in section 101(a)(48) of the Act would likewise be a constitutionally impermissible retroactive application of the amendments. To find that the Respondent was "convicted" of an "aggravated felony" as those terms are now defined some 14 years after the offense was committed is plainly changing the rules of the game. Of course, had respondent been aware of the future consequences of the conviction and subsequent dismissal, he would very well have acted differently. However, in reliance upon the law as it existed at the time of his arrest, Respondent plead guilty to said offense and completed a period of probation after which the charge was dismissed.

The Immigration Judge erred in concluding that the "stop-time" rule barred Respondent from seeking relief from removal. Because of the Immigration Judge's previous finding regarding Respondent having been convicted of an aggravated felony, the Court did not discuss the stop-time rule at length in the decision, but did make such a finding. The stop-time rule does not apply to Respondent in this case for the offense of burglary.

Other errors may be found upon the receipt of the transcript of proceedings.

(Attach more sheets if necessary)

Staple Check or Money Order Here.
Include your name(s) and "A"number(s)

(Form continues on back)
Form EOIR-26
Revised April 1996

5. desire oral argument before the Board of Immigration Appeals.
☐ do not

6. I [X] will
☐ will not
file a separate written brief or statement in addition to the "Reason(s) for Appeal" written above or accompanying this form.

⚠ WARNING: Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonably explain such failure.

**SIGN HERE →**  7.  X _____        December 29, 2000
                        Signature of Person Appealing            Date
                        (or attorney or representative)

8.
| Mailing Address of Applicant(s)/Respondent(s) |
| --- |
| Francisco Jose Guerra-Moya |
| (Name) |
| 3701 County Road 77 |
| (Street Address) |
| (Apartment or Room Number) |
| Robstown          TEXAS          78380 |
| (City, State, Zip Code) |

9.
| Mailing Address of Attorney or Representative |
| --- |
| Jodi Goodwin, Esq. |
| (Name) |
| 1322 East Tyler Avenue |
| (Street Address) |
| (Suite or Room Number) |
| Harlingen          Texas          78550 |
| (City, State, Zip Code) |

⚠ WARNING: An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.

I  Jodi Goodwin, Esq. _____        mailed or delivered a copy of this notice of appeal
                    (Name)

on  12/29/00 _____  to  Assistant District Counsel, USINS _____
         (Date)                              (Opposing Party)

at  PO Box 1711, Harlingen, Texas  78551 _____.
              (Address of Opposing Party)

**SIGN HERE →**  X _____
                        Signature of Person Appealing
                        (or attorney or representative)

### Have You?
☑ Read all of the General Instructions
☑ Provided all of the requested information
☑ Completed this form in English
☐ Provided a certified English translation for all non-English attachments

☑ Signed the form
☑ Served a copy of this form and all attachments on the opposing party
☑ Completed and signed the Certificate of Service
☑ Attached the required fee or fee waiver request



GOVERNMENT
EXHIBIT
H

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A35-279-793 - HARLINGEN

Date:    APR 10 2003

In re:  GUERRA-MOYA, FRANCISCO JOSE

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Goodwin, Jodi, Esq.

ON BEHALF OF SERVICE:  Kenneth M. Muir, Assistant District Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD



**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

**Falls Church, Virginia 22041**

File:    A35-279-793 - HARLINGEN

Date:

In re: GUERRA-MOYA, FRANCISCO JOSE

JUN 26 2003

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:  Goodwin, Jodi, Esquire

ON BEHALF OF DHS:  Mark R. Whitworth, Assistant District Counsel

ORDER:

PER CURIAM.  The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reconsider our decision dated April 10, 2003. This Board affirmed, without opinion, the Immigration Judge's denial of the respondent's application for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b, and dismissed the respondent's appeal therefrom. We have reviewed the the respondent's motion and note that he presents the same arguments which we previously considered before rendering a decision in this case. We decline to revisit them. Moreover, to the extent that the respondent contends that the case should not have been affirmed without opinion by a single Board Member, we note that such motions are barred by regulation. 8 C.F.R. § 1003.2(b)(3). Accordingly, the motion is denied.

FOR THE BOARD



GOVERNMENT
EXHIBIT
J

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-60395

FRANCISCO JOSE GUERRA-MOYA

Petitioner

v.

JOHN ASHCROFT, U S ATTORNEY GENERAL

Respondent

U.S. COURT OF APPEALS
**FILED**

JUL 2 ℃ 2003

CHARLES R. FULBRUGE III
CLERK

----------------------
Petition for Review of an Order of the
Board of Immigration Appeals
----------------------

Before  HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.
BY THE COURT:

IT IS ORDERED that respondent's motion to dismiss the
petition for review for lack of jurisdiction is *granted*.


IT IS FURTHER ORDERED that respondent's motion to extend
the time in which to file the administrative record for a period
of ninety (90) days from the court's ruling on the motion to
dismiss is *denied as unnecessary*


IT IS ORDERED that petitioner's motion to remand this case
to the Board of Immigration Appeals is *denied*.

WED— PJO 6/8.

RECEIVED DISTRICT COUNSEL
03 AUG -5 PM 4:32
HARLINGEN, TX

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANCISCO GUERRA-MOYA,          )
                                )
v.                              )
                                )     CIVIL ACTION NO. B-03-149
A.G. WINFREY, et al.            )
_____ )

### ORDER

Upon consideration of the arguments of Petitioners and Respondents, the Court finds that Respondents' motion to dismiss should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that the petition for habeas corpus is dismissed.

This is a final Order.

Done this _____ day of _____, 2003, in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE