IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| FRANSISCO GUERRA-MOYA<br>　Petitioner, | §<br>§<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-03-149 |
| | §<br>§ | |
| A.G. WINFREY, INTERIM FIELD<br>OFFICE DIRECTOR, BUREAU OF<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT, AND<br>JOHN ASHCROFT, UNITED STATES<br>ATTORNEY GENERAL,<br>　Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER

### I. INTRODUCTION

Before the Court is Petitioner Francisco Guerra Moya's objection to the Magistrate Judge's Report and Recommendation which denies Guerra Moya's petition under 28 U.S.C §2241 and grants Respondent's Motion to Dismiss. After a *de novo* review of the entire record, Petitioner's objections, and the applicable law, the Court is of the opinion that Petitioner's objections are without merit. For the following reasons the Court denies Petitioner's objections and **ADOPTS** the Magistrate's Report and Recommendation.

### II. BACKGROUND

Guerra Moya, a lawful permanent resident (hereinafter "LPR") of this country pled guilty to a charge of burglary in August 1982. Petitioner's deportation order results from his 1982 burglary conviction. The judge sentenced him to two years at the Texas Department of Corrections. The judge after imposing the sentence, promptly suspended Petitioner's sentence and ordered him to probation

for two years. After probation was completed successfully, Petitioner was convicted for unlawfully carrying a weapon in 1997 and was sentenced to ninety days in jail. The sentence was suspended and the judge imposed a twelve month community supervision. In 2000, the Immigration and Naturalization Service (INS) charged Petitioner as removable from the United States for being convicted of firearm possession pursuant to 8 U.S.C. §1227(a)(2)(C).[1] Petitioner objects to his deportation on the ground that his probation did not result in a conviction. He further objects that even if his probation is a conviction, his conviction occurred before the effective date of the Anti-Drug Abuse Act of 1988 (hereinafter "ADAA") which requires the deportation of certain aggravated felonies.

## III. STANDARD OF REVIEW

This Court reviews the BIA's rulings of law *de novo*. However, this Court will defer to the BIA's reasonable interpretation of ambiguous provisions of the INA. *Lopez De Jesus v. I.N.S.*, 312 F.3d 155, 158 (5th Cir. 2002).

## IV. ANALYSIS

Guerra-Moya has four complaints. First, he complains that his probation is not a conviction. Second, he complains that the Magistrate Judge impermissibly used a statute retroactively. Third, he asserts that his substantive due process rights were violated. Lastly, he objects to the Board of Immigration Appeals (hereinafter "BIA") Streamlining Regulation and asserts that summary affirmance was improper.

---

[1] While the deportation order is based on his 1997 conviction of firearm possession pursuant to 8 U.S.C. §1227(a)(2)(C), the Petitioner's arguments ad thus the instant discussion which is focused on his 1982 burglary conviction. The 1982 burglary conviction prevents Guerra-Moya from obtaining discretionary relief pursuant to §212(c).

### a. A Probated Sentence is a Conviction

Guerra Moya contends that his probation is not a conviction because he was not sentenced to any term of imprisonment for his burglary crime. However, 8 U.S.C § 1101(a)(48)(A) provides:

> The term "conviction" means, with respect to an alien,
> a formal judgment of guilt of the alien entered by a court or,
> if adjudication of guilt has been withheld, where
> > (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> > (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

An alien who completes a term of supervision pursuant to a Texas deferred adjudication statute remains convicted for immigration purposes under 8 U.S.C. § 1101(a)(48)(A). *Moosa v. INS,* 171 F.3d 994, 997, 1002 (5th Cir. 1999). That section provides that "the original finding or confession of guilt is sufficient to establish a 'conviction' for purposes of the immigration laws" *Id.* at 1002. Certainly, if the Fifth Circuit recognizes deferred adjudication as a conviction it would rule likewise on a probated sentence. Further, Petitioner remains convicted for immigration purposes notwithstanding a subsequent state action purporting to terminate the original determination of guilt through a rehabilitative procedure. *Matter of Roldan-Santoyo,* 22 I & N Dec. 512 (BIA 1999). Pursuant to *Moosa* and *Roldan,* Petitioner is convicted of burglary of a building notwithstanding his probated sentence.

### b. Retroactive Application of Statutory Definitions

Petitioner further asserts that the Immigration Judge (IJ) impermissibly applied the current definition of an aggravated felony and a conviction and that the Magistrate Judge was incorrect in not reversing that judgment. Guerra-Moya claims that his due process rights were violated by applying the

current definitions to a crime that occurred in 1982. In addition, Petitioner complains that he is entitled to discretionary relief pursuant to §212(c).

### i.) Conviction

Petitioner argues that 8 U.S.C §1101(a)(48)(A) does not apply to him because the requirements of the above provision were not in effect when the events occurred in 1982. Petitioner relies on *Martinez Montoya v. INS*, 904 F.2d 1018 (5th Cir. 1990), in which the Fifth Circuit held that a deferred adjudication in Texas does not comport with the BIA's requirements for a conviction as addressed by *Matter of Ozkok*, 19 I&N Dec. 546, (BIA 1988). Unfortunately for Petitioner, his reliance on *Martinez Montoya* has been superseded by 8 U.S.C. § 1101(a)(48)(A) as described in *Moosa v. INS*, 171 F.3d 994, 997, 1002 (5th Cir. 1999).

Petitioner asserts that the conviction occurred before the ADAA definition was enacted. An agency interpretation of a statute must be upheld as long as the interpretation is reasonable. *Chevron U.S.A., Inc., v. Natural Resources Defense Council*, Inc. 467 U.S. 837, 842-43 (1984). Although the Fifth Circuit has not addressed this issue, other Circuits such as the Fourth, and Eleventh have held that a burglary conviction is an aggravated felony even though the conviction pre-dates the enactment of the ADAA. *Lewis v. U.S. I.N.S.*, 194 F.3d 539 (4th Cir. 1999); *Lettman v. Reno*, 207 F.3d 1368 (11th Cir. 2000). The legislative purpose is expressed by the plain meaning of the words used. *I.N.S v. Phinpathya*, 464 U.S. 183, 188 (1984). Consequently, Petitioner comes within the language of 8 U.S.C §1101(a)(48)(A) because he plead guilty and the judge imposed a two year sentence. Additionally, the fact that the judge suspended the sentence and placed Petitioner on a two year probation, which he successfully completed, does not take Guerra-Moya out from under the language of 8 U.S.C §1101(a)(48)(A).

### ii.) Aggravated Felony

Petitioner objects to the Magistrate's Recommendation by claiming that his 1982 burglary offense is not an aggravated felony which may be applied retroactively. 8 U.S.C.A § 1227(a)(2)(A)(iii) provides:

> Any alien who is convicted of an aggravated felony
> at any time after admission is deportable.

On November 18, 1988, the ADAA was enacted and required that "any alien who was convicted of an aggravated felony at any time after entry is deportable." INA § 241(a)(2)(A)(iii), 8 U.S.C §1227(a)(2)(A)(iii). The term aggravated felony under 8 U.S.C §1101(a)(43)(G) means:

> a theft offense or burglary offense for which the term
> of imprisonment is at least one year.

The ADAA amended the INA which subjected an alien to deportation for conviction of an aggravated felony on or after the date of the ADAA's enactment, November 18, 1988. *Lewis v. U.S. I.N.S.*, 194 F.3d 539 (4th Cir. 1999); *Lettman v. Reno*, 207 F.3d 1368 (11th Cir. 2000). Congress removed this temporal restriction with the passing of the Immigration Act of 1990 (IMMACT) which subjects an alien to deportation for conviction of an aggravated felony prior to the effective date of the ADAA. *Id.* While the trend of other jurisdictions is to conclude that IMMACT supersedes the ADAA date restriction with regard to aggravated felonies, this Court finds their holdings persuasive. Petitioner also comes within the language of 8 U.S.C. §1227(a)(2)(A)(iii) because the statute clearly states that it applies with respect to convictions at any time after admission. Based on IMMACT, Petitioner is removable.

### iii) Discretionary Relief

The Supreme Court set a two-step process to determine whether a statute applies retroactively

to conduct occurring before it was enacted. *I.N.S. v. St. Cyr*, 121 S.Ct. 2271, 2288, 2290 (2001) (citing *Landgraf v. USI Film Products,* 511 U.S at 270 (1994)). If there is clear language as to the statute applying retroactively the inquiry ends. If not, the second step asks whether depriving removable aliens of §212(c) discretionary relief produces an impermissible retroactive effect for aliens who were convicted pursuant to a plea agreement at a time when the plea would have rendered them eligible for §212(c) relief. *St. Cyr* at 2290.

*St. Cyr,* stands for the proposition that IIRIRA had an impermissible retroactive effect because Congress had not made its intention clear. *Id.* at 2293. When legislating retroactively, Congress must make its intention plain. *Id.* In the case at bar, there is no ambiguity as to whether the statute is applied retroactively. In removal proceedings, "§212 (c) relief remains available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for §212 (c) relief at the time of their plea under the law then in effect." *Id.* at 2293. Guerra-Moya was not eligible for relief at the time of his 1982 conviction. In order to be eligible for Cancellation of Removal, an alien must accrue seven years of continuous residence in the United States. 8 U.S.C § 1229b(d)(1) provides that the time period terminates if the alien commits an offense referred to in 8 U.S.C §1182(a)(2). Unfortunately, Guerra-Moya resided as an LPR in the United States for 6 years and 4 months when he committed the burglary offense in 1982 which cut off his ability to apply for relief pursuant to §212 (c), 8 U.S.C §1182(c). In light of *St. Cyr's* holding, this case does not need to proceed to the second step to determine if there was an impermissible retroactive effect. In the instant case, it is clear that Congress intended a retroactive effect as applied to Petitioner. Petitioner is therefore not eligible for relief.

### c. Substantive Due Process

Petitioner further asserts that he was deprived of his substantive due process rights because he was not eligible for discretionary relief. He relies on *United States v. Lopez-Ortiz*, 313 F.3d 225, 231 (5th Cir. 2002) by distinguishing the facts in that case. Petitioner characterizes *Lopez Ortiz'* deprivation of procedural due process while his deprivation was substantive due process. *Lopez Ortiz* stands for the proposition that procedural safeguards must be observed. Petitioner urges this Court to recognize that even though his procedural safeguards were observed, his "substantive safeguards" were not. Aliens have no protected liberty or property interest for discretionary relief from deportation. *Id.* at 231. The Fifth Circuit has also held that retroactive application of the aggravated felony definition which rendered an alien ineligible for discretionary relief did not rise to the level of a due process violation because such aliens are not entitled to such relief. *Finlay v. INS*, 210 F.3d 556, 557 (5th Cir. 2000). Aliens have certain liberty rights but are subject to limitations and conditions that would be unacceptable if applied to citizens. *Demore v. Hyung Joon Kim,* 538 U.S. 510 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 718.

Petitioner claims that "the LPR who can prove that a lengthy period of lawful residence, when considered in conjunction with significant family ties and property interests in the United States, is an interest protected by the Fifth Amendment." (Petitioner's Objections at 11-12). This Court recognizes the importance of those rights but the Fifth Circuit has not addressed these interests as fundamental for substantive due process purposes. In fact, in *Landon v. Plasencia*, 459 U.S. 21, 34, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982), the Supreme Court did not consider whether the interests were fundamental. *Id.* at 34, 103 S.Ct. 321. This court refers to its substantive due process analysis made in *Pequeno-Martinez v. Trominski*, 281 F.Supp. 2d 902, 923 (S.D.Tex. 2003), in which the court held that allowing LPRs to

remain in this country on the basis of fundamental rights would entail a substantial amount of interference with Congress's immigration policies. *Id.* at 923. Although this result may be considered harsh, this Court is of the opinion that no substantive due process rights were violated.

### d. BIA Streamlining Provisions

Petitioner challenges the BIA's holding by claiming the issues were not resolved by federal court precedent and urges this Court to recognize a different outcome based on notions of substantive due process. The Fifth Circuit held in *Soadjede v. Ashcroft*, 324 F.3d 830 (5th Cir. 2003) that BIA streamlining does not deprive courts of judicial review and does not violate alien's due process rights. The Court further noted that when the BIA uses the streamlining process, the underlying decision of the IJ is the decision that this Court reviews. *Id.* In this case, a single Board member used the streamlining regulations. Such streamlining regulation is permissible to determine if summary affirmance without opinion is appropriate. 8 C.F.R §1003.1(e)(4)(i). After reviewing the decision of the Magistrate Judge, this court finds no error in the applicability of the aggravated felony definition finding Petitioner deportable after the commission of a burglary.

## V. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

DONE at Brownsville, Texas, this 10th day of May, 2004.

Andrew S. Hanen
United States District Judge