United States District Court
Southern District of Texas
FILED

MAY 11 2006

Michael N. Milby
Clerk of Court

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-40746

---

FRANCISCO GUERRA-MOYA,

Petitioner-Appellant,

versus

A.G. WINFREY, INTERIM FIELD OFFICE DIRECTOR,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT and
ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondents-Appellees.

---

On Appeal from the United States District Court
for the Southern District of Texas
No. 1:03-CV-00149

---

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Francisco Guerra-Moya appeals the district court's denial of his petition for a writ of habeas corpus. Converting Guerra-Moya's habeas petition into a timely filed petition for review of the decision of the Board of Immigration Affairs ("BIA"), we find that Guerra-Moya is eligible to apply for discretionary relief under former INA § 212(c), and therefore **GRANT** his petition and **REMAND** his case to the BIA.

**I. Background**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Francisco Guerra-Moya is a citizen and national of Mexico who entered the United States as a lawful permanent resident ("LPR") in 1976. Since 1976, he has not lived in Mexico and has continuously resided in the United States. On August 23, 1982, Guerra-Moya was convicted of burglary in Texas; under a plea agreement, he served a two-year suspended sentence on probation, after which his conviction was set aside. On March 28, 1997, Guerra-Moya was convicted of "unlawful carrying of a weapon" in Texas. On February 3, 2000, the former Immigration and Naturalization Service ("INS") issued a notice to appear, charging Guerra-Moya with removability due to the weapon offense. At his hearing before an immigration judge ("IJ"), Guerra-Moya sought relief in the form of cancellation of removal. See INA § 240A(a). The IJ determined that Guerra-Moya was ineligible for relief because (1) his 1982 burglary conviction remained valid for immigration purposes and constituted a disqualifying aggravated felony under the INA, and (2) Guerra-Moya could not show the requisite seven-year period of continuous residency required for relief, as his 1982 conviction had terminated his accrual of continuous residence under the "stop-time" provisions of the INA.

On appeal, the BIA affirmed the IJ without opinion. Guerra-Moya then brought a petition for review in this court, which was dismissed for lack of jurisdiction. He next petitioned for

habeas relief in the district court. Adopting the recommendation of the magistrate judge, the district court denied relief for essentially the same reasons as the IJ, holding inter alia that the current definition of "aggravated felony" was properly retroactively applied to Guerra-Moya's 1982 conviction, and that the 1982 conviction had cut off Guerra-Moya's accumulation of continuous residence time for the purposes of discretionary relief. Guerra-Moya appealed, and while his appeal was pending, the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005) became law.

## II. Discussion

The REAL ID Act divests the district courts of jurisdiction over the habeas petitions of aliens; instead, REAL ID Act § 106 states that "a petition for review shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the INA]." This Court in <u>Rosales v. Bureau of Immigration & Customs Enforcement</u>, 426 F.3d 733 (5th Cir. 2005), held that "habeas petitions on appeal as of May 11, 2005 [the effective date of the REAL ID Act] . . . are properly converted into petitions for review." <u>Id.</u> at 736. As Guerra-Moya's appeal was pending at the time the REAL ID Act became law, we thus convert his habeas petition into a petition for review of the BIA decision.

On a petition for review, we review the factual findings of the BIA under the substantial evidence standard. <u>Ontunez-Tursios v. Ashcroft</u>, 303 F.3d 341, 350 (5th Cir. 2002). The BIA's determinations as to purely legal questions are reviewed de novo. <u>Omagah v. Ashcroft</u>, 288 F.3d 254, 258 (5th Cir. 2002). Although this Court generally reviews only the decision of the BIA on petitions for review, we may review an IJ's decision when, as here, the BIA affirms without opinion. <u>Thuri v. Ashcroft</u>, 380 F.3d 788, 791 (5th Cir. 2004).

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") eliminated discretionary relief from removal under INA § 212(c)(formerly codified at 8 U.S.C. § 1182(c)), and replaced it with cancellation of removal under INA § 240A (8 U.S.C. § 1229(b)).[1] However, the Supreme Court held in <u>INS v. St. Cyr</u>, 533 U.S. 289, 121 S. Ct. 2271 (2001) that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." <u>Id.</u> at 325, 121 S. Ct. at 2293. Guerra-Moya's conviction for burglary was obtained through a plea agreement, and as discussed, <u>infra</u>, he would have been eligible to apply for § 212(c)

---

[1] Because we conclude that Guerra-Moya is eligible for § 212(c) relief, we need not address issues raised relating to cancellation of removal.

relief in spite of his burglary conviction. Thus, subsequent limitations on § 212(c) relief cannot be applied retroactively to Guerra-Moya's 1982 conviction.

Under the former § 212(c), an alien was permitted to seek discretionary relief from removal provided that he or she (1) was a legal permanent resident, and (2) had "maintained a lawful unrelinquished domicile in the United States for seven consecutive years." Ashby v. INS, 961 F.2d 555, 557 (5th Cir. 1992). Guerra-Moya plainly meets the first requirement for relief, as he has been an LPR for nearly thirty years. The second requirement is slightly more complicated. At the time of his burglary conviction, Guerra-Moya had been an LPR in the United States for a continuous period of roughly six years, four months. The IJ and the district court both concluded that Guerra-Moya's burglary conviction stopped his accumulation of lawful residency, and prevented him from reaching the seven years required for relief. However, this conclusion was erroneous, as "St. Cyr does not require an alien to have accrued seven years of lawful domicile at the time of his or her plea in order to qualify for relief under § 212(c)." Alvarez-Hernandez v. Acosta, 401 F.3d 327, 331 (5th Cir. 2005). As with the petitioner in Alvarez-Hernandez, Guerra-Moya entered his guilty plea at a time when circuit law "allowed aliens to accrue additional time towards their total period of continuous unrelinquished domicile" until the

initiation of removal proceedings against them. <u>Id.</u> at 332. Thus, under <u>Alvarez-Hernandez</u>, Guerra-Moya should have been allowed to accumulate continuous residency time until 2000.[2] By that point, he would have been continuously residing in the United States for more than seven years. Thus, Guerra-Moya meets all the basic requirements to apply for relief under § 212(c), and the BIA erred in its treatment of his aggravated felony conviction and its application of the "stop-time" rule.

### III. Conclusion

In light of this court's opinion in <u>Alvarez-Hernandez</u>, we conclude that Guerra-Moya is eligible to apply for discretionary relief under former INA § 212(c). Guerra-Moya's petition for review is therefore **GRANTED**, and his case is **REMANDED** to the BIA, with instructions that the Board consider his application for discretionary § 212(c) relief.

---

[2] Such a conclusion is also consistent with the language of 8 C.F.R. § 1003.44(b)(3).